■ HOWARD ELLISH et al., Appellants, v. VILLAGE OF SUFFERN, Respondent. — In an action for a judgment declaring that an amendment to defendant's zoning ordinance, purporting to place plaintiffs' property in an "O-1 Residential" zone, is invalid, plaintiffs appeal from a judgment of the Supreme Court, dated May 8, 1967, made in Westchester County and entered in Rockland County, which denied their motion for summary judgment and adjudged that the June 1, 1966 resolution by defendant's Village Board, placing plaintiffs' property in an "O-1 Residential" zone, was validly enacted. Judgment affirmed, with $10 costs and disbursements. Plaintiffs own a 50-acre parcel of land which was formerly situated in the unincorporated area of the Town of Ramapo and governed by the town's zoning ordinance. Plaintiffs' property was subsequently annexed to defendant and, upon the annexation, the town's zoning ordinance no longer governed plaintiffs' property (Town Law, § 132). On June 1, 1966, when plaintiffs' property was not governed by any zoning resolution, a public hearing was held on a proposal to zone plaintiffs' property and the resolution was approved by a 3–2 vote of the village trustees. Prior to the approval of the resolution, protests were filed by the owners of more than 20% of the land to be included in the proposed zoning change, to wit, the owners of 100% of the land. The sole issue is whether it was necessary that the zoning resolution of June 1, 1966 be approved by a majority of the board members, in accordance with section 178 of the Village Law, or by a three-fourths vote, in accordance with section 179. In our opinion, since at the time of the public hearing plaintiffs' property had never been zoned previously by the defendant

and was free from all zoning ordinances, section 178 of the Village Law was applicable and approval of the resolution by a majority vote of the board of trustees was sufficient (cf. *North Shore Beach Property Owners Assn.* v. *Town of Brookhaven,* 129 N. Y. S. 2d 697, affd. 1 A D 2d 1043). Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.